IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MATT BARKER, TERRIL BERNHARDT, DWAYNE BINKLEY, MARK BOESCH, MIKE CONRAD, RANDALL DOANE, KEN DURIE, DAMIAN EDWARDS, MIKE ELLEN, DANIEL ENDECOTT, RYAN EWER, CHUCK FYFE, MIKE GATES, JASON GORDON, RICK HAJEK, DAVIS B. HARRIS, THOMAS HARTZELL, RANDY HILL, TRAVIS HILL, GRAHAM HYDE, TYLER JARVIS, GERALD JELLETICH, PAUL KENNY, ROBERT MATTIJETZ, JEFF MCCHRISTIAN, CHRIS MCPHERSON, LESTER MEINZEN, ERIN MESSEX, MARK MILLER, BRUCE MILLER, ISAAC MILSTEAD, DAVID NORDMAN, RANDY PHILLIPS, DENNIS K. RAMEY, GREGORY RAUER, MILES RAUER, MICHAEL RYKER, ALLEN SCHMIDT, BRETT SHARBONO, ROB SIMS, WILLIAM "BERT" SMEAD, MARVIN SNEDIGAR, JONI SOLANDER, JASON SPEK, ROGER STEVENS, KI STODDARD, RICHARD WAYNE SUMMERS, STEVE TENOLD, KENNETH TICHENOR, ZACH TITECA, DAN WALDO, DON | Cause No.: CV-18-179-DLC<br><br>ORDER APPROVING SETTLEMENT AND BARRING FURTHER CLAIMS |

1

WHITEHAIR AND PATRICK
WURSTER

        Petitioners,

    v.

SELWAY CORPORATION and the
SELWAY CORPORATION
EMPLOYEE STOCK OWNERSHIP
PLAN,

        Respondents.

Petitioners and Respondents previously reached a mediated settlement

agreement resolving all claims at issue in this litigation, subject to the terms and

conditions contained in the agreement attached hereto as Exhibit 1 and

incorporated herein by reference, including the Bar Order set forth below, which is

acknowledged by the parties to constitute a necessary condition of settlement.

By Order dated November 26, 2018, the Court previously granted

preliminary approval to the settlement, approved the proposed notice and bar order,

and set the matter for final hearing. The Court incorporates herein by reference the

findings set forth in the November 26, 2018 Order. Notice has now been

accomplished as contemplated therein. Having considered the matter and for good

cause appearing,

    IT IS HEREBY ORDERED THAT:

## Adequate Notice Was Given to Plan Participants or Beneficiaries

Notice of Settlement was mailed at Plaintiffs' expense to the last known addresses of all participants in or beneficiaries of the Selway Corporation's Employee Stock Ownership Plan ("Selway ESOP"). Recipients were given 30 days advance notice of the hearing. The Court has determined and hereby reconfirms that such notice was adequate, fair and timely and no further notice is required.

## Approval of Definitive Settlement Agreement

The Definitive Settlement Agreement attached as Exhibit 1 hereto and incorporated herein by reference is approved and authorized on the terms described therein and the parties are directed to comply, including by payment of $5,500,000 by the involved insurers (less defense fees and costs) to the Beck, Amsden & Stalpes, PLLC Trust Account. All defined terms in the Definitive Settlement Agreement are likewise incorporated by reference and used in this Order.

## Bar Order

The settlement is contingent upon judicial approval with a final bar to further litigation by Claimants and any non-settling parties against Releasees arising out of matters within the scope of the Release. Pursuant thereto, the Court hereby permanently bars, restrains and enjoins the below-described Barred Entities from filing, commencing, instituting, initiating, maintaining or otherwise

3

prosecuting, either directly or indirectly, any claim, counterclaim, cross-claim, third-party claim or other action against the below-described Releasees arising out of or related to any of the below-described Barred Claims. As a component of settlement, the Petitioners shall also execute a release of claims as required by the Settlement Term Sheet. The effective date of the Release will be the date of entry of this Bar Order. This Bar Order and the related Order approving the settlement shall be read broadly in order to encompass any and all matters relating to the Barred Claims, including all actual and potential claims arising prior to that date and any actual or potential claims relating to Releasees' involvement in any asset or stock sale of Selway Corporation (the Sale Transaction).

A.   Barred Entities:

1)   Petitioners in this case;

2)   The Selway Corporation Employee Stock Ownership Plan and Trust, and/or to the extent so designated, the Selway Corporation Employee Stock Ownership Trust and/or the Selway Corporation Employee Stock Ownership Plan (whether itself in a representative capacity by its participants, its trustees or fiduciaries) ("Selway ESOP");

3)   Any past or present participant or beneficiary of the Selway ESOP;

4) Selway Corporation (whether by the corporation directly, or by shareholders derivatively); and

5) Any person or entity (a) seeking contribution or indemnity from, or an allocation of comparative fault to, Releasees in relation to the Barred Claims, or (b) seeking to pursue claims where damages are calculated based on, or where the alleged injury is, the person's or entity's liability to any of the Barred Entities identified in subparts A(1) – A(5) above, related to any of the below-described Barred Claims.

B. Releasees:

1) Selway Corporation;

2) Max Downing;

3) Past and present Selway ESOP trustees and fiduciaries and their attorneys, accountants, advisors, auditors and other agents;

4) Past and present Selway ESOP advisory committee members;

5) Past and present Selway Corporation directors, officers and managers and their attorneys, accountants, advisors, auditors and other agents; and

6) Heirs, personal representatives, successors, assigns, agents, officers (past and present), directors (past and present),

5

partners, employees, attorneys, and insurers of each of the

individuals and entities identified in subparts B(1) – B(5)

above.

C.    Barred Claims:

Any and all claims of any kind or nature, whether presently known or

unknown, against Releasees that arose prior to the date of this Order, arising out of

or relating to:

1)    any factual matters or claims described in the Petitioners'

Petition for Equitable and Declaratory Relief (Doc. 1),

particularly ¶¶ 10-12, 16-19, 25 and the expert reports

referenced therein (see ¶ 10);

2)    any factual matters or claims described in the Petitioners' Brief

in Support of Motion for Preliminary Approval of Settlement,

etc. (Doc. 11 at 8–10);

3)    any factual matters, damages or claims addressed in expert

reports filed with the Court by Petitioners (Docs. 11-1; 11-2;

and 11-3);

4)    any factual matters or claims alleged in the *Tenold* litigation

(Cause No. DV-17-159 pending before the Montana Twenty-

First Judicial District Court, Ravalli County);

6

5) actual and potential claims including but not limited to the claims identified in the Pending Cause, Threatened Cause and any claims arising from the Sale Transaction; and

6) any other claims within the scope of the Notice of Settlement mailed to Selway ESOP participants (Doc. 10-1), including without limitation claims alleging or arising from any of the following contentions: That trustees or fiduciaries of the ESOP or members of the Selway Corporation Board of Directors (including its President Max Downing) did not correctly follow procedures designed to prevent conflicted interest transactions from occurring or failed to ensure that the corporation acted for the best interests of the Selway ESOP; that the ESOP did not have an advisory committee; that members of the Board of Directors were appointed without following appropriate election procedures; that shareholder and trustee meetings were not regularly convened; that members of the management team (including directors or officers) entered conflicted or self-dealing transactions; that members of the management team failed to fulfill fiduciary duties to the financial detriment of Selway Corporation; that trustees, corporate officers or

7

directors breached corporate duties; that trustees or fiduciaries breached ERISA fiduciary duties; shareholder derivative claims; negligence; negligent infliction of emotional distress; retaliatory firings; or punitive damages.

## Order to Appoint Replacement Fiduciary and Directive to Pay Net Settlement Proceeds

The Releasees, Releasors and DOL have agreed upon Larry Lefoldt to act as the replacement trustee. Mr. Lefoldt's CV and a bid to provide services necessary to distribute the net settlement proceeds to the Selway ESOP participants has been submitted to the Court (Doc. 19-2).

The Court has reviewed and approved the proposed distribution of Net Settlement Proceeds (Doc. 20-1). Upon review of Mr. Lefoldt's resume and bid, the Court finds that he is qualified to provide the necessary services to the ESOP and effectuate distribution of the Net Settlement Proceeds and his bid to provide such services is reasonable.

IT IS ORDERED that Mr. Lefoldt is appointed as fiduciary of the Selway ESOP and he shall replace the existing fiduciaries effective on the filing of this Order. Mr. Lefoldt is authorized and directed to sign the Release of Releasees on behalf of the ESOP and to distribute the Net Settlement Proceeds. Mr. Lefoldt's fees and costs shall be paid by Selway Corporation, which is hereby authorized to issue a retainer payment to Mr. Lefoldt in the amount of $19,632.50

DATED this 4th day of January, 2019.

Dana L. Christensen, Chief Judge
United States District Court